IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES SNARGRASS, III, ) <br> No. 19536-031, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES BUREAU of PRISONS, ) <br> UNITED STATES ) <br> MARSHALL'S SERVICE, ) <br> TIMOTHY ADESANYA, ) <br> MR. FERREBEE, and ) <br> DOCTOR HARVEY, ) <br> ) <br> Defendants. ) | Case No. 12-cv-1292-MJR |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP"), has brought this *pro se* action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b); § 2671 *et seq*. Plaintiff filed his administrative claim under the FTCA while he was incarcerated at FCI-Greenville, Illinois (Doc. 1-2, p. 2), and his final denial of claim was issued on September 6, 2012 (Doc. 1-2, p. 4).

Specifically, Plaintiff contends that Defendants are liable under the FTCA for personal injuries sustained due to their failure to provide him with timely medical care for a serious and painful foot condition, from which he has been suffering for over five years (Doc. 1, p. 6). Because Defendants did not follow the recommended treatment for the deformities of his left foot and toes, Plaintiff is now facing two or three additional surgeries which could have been prevented with proper and timely treatment.

Plaintiff's foot ailments were the subject of an earlier civil rights action filed in this Court, *Snargrass v. United States Bureau of Prisons, et al.*, Case No. 11-cv-662-GPM (S.D. Ill. filed Aug. 2, 2011). The Defendants in that action included Adesanya, Harvey, Ferrebee, the Bureau of Prisons, and the United States Marshal Service, each of whom is also named as a Defendant herein. This Court found Plaintiff's claims of deliberate indifference to a serious medical need against these Defendants to be frivolous and without merit, and dismissed those claims with prejudice (Doc. 6 in Case No. 11-cv-662).

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action under the Federal Tort Claims Act. However, the only proper Defendant in an FTCA claim is the United States of America. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). Therefore, the Clerk shall be directed to add the United States as a party; the remaining Defendants shall be dismissed.

**Disposition**

**IT IS HEREBY ORDERED** that the **UNITED STATES of AMERICA** is **SUBSTITUTED** as the Defendant in this action. Defendants **UNITED STATES BUREAU of PRISONS, UNITED STATES MARSHALL'S SERVICE, ADESANYA, FERREBEE,** and **HARVEY** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that in all future filings, the title of this case shall be *Charles Snargrass, III, Plaintiff vs. United States of America, Defendant.*

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send

by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois, a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the U.S. Attorney. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 22, 2013**

s/ MICHAEL J. REAGAN
United States District Judge
