IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES SNARGRASS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-1292-MJR-SCW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I. Introduction

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's Medical Malpractice Claim (Doc. 11). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). Plaintiff has filed a Response to Defendant's motion (Doc. 18), as well as has sought leave to both amend his Complaint (Doc. 19) and his Response (Doc. 24). Defendant has filed a Reply (Doc. 20). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** Defendant's Motion to Dismiss(Doc. 11).

### II. Factual Findings

Plaintiff filed his Complaint on December 21, 2012 alleging claims against Defendants under the Federal Tort Claims Act (FTCA) and civil rights for injuries he sustained to his foot (Doc. 1). Plaintiff's Complaint contended that Defendants failed to provide him with medical care for his foot condition, a deformity to his left foot and toes, and due to that failure Plaintiff faces additional surgeries to correct his deformities.

During this Court's §1915A review, the Court noted that Plaintiff's foot ailments were the subject of an earlier civil rights action alleging that the individual Defendants, who were also Defendants in that case, were deliberately indifferent to his serious medical needs (Doc. 4 at p. 2). *See Snargrass v. United States Bureau of Prisons, et al.*, **Case No. 11-cv-662-GPM (S.D. Ill. Filed Aug. 2, 2011).** That case was ultimately dismissed *with prejudice* for being frivolous and without merit (See Case No. 11-cv-662 at Doc. 6). As Plaintiff's civil rights action related to his foot had previously been dismissed with prejudice, the Court here found that Plaintiff's only viable claim was a claim for medical malpractice under the FTCA (Doc. 4 at p.2). As the only proper Defendant in an FTCA claim is the United States of America, the Court dismissed all of the individual Defendants and added the United States as a party (*Id.*). Thus, only Plaintiff's FTCA claim survived §1915A review.

In Response, Defendant United States filed a motion to dismiss alleging that Plaintiff had failed to state a claim under the FTCA (Doc. 11). Specifically, Defendant argues that Plaintiff's Complaint fails to comply with 735 ILCS 5/2-622, which requires that plaintiffs alleging medical malpractice claims file an affidavit that he has consulted with medical professional who has indicated that the case has merit. A plaintiff must also attach a written report from the medical professional to the affidavit. Plaintiff provided neither of these required documents.

Plaintiff filed a Response (Doc. 18) in opposition to Defendant's motion to dismiss. In his Response, Plaintiff argued that his Complaint does not allege a medical malpractice claim under the FTCA and that he only alleges that the listed Defendants were either negligent or deliberately indifferent to his foot injury. As Plaintiff maintains that he does not allege a medical malpractice claim, he argues that 735 ILCS 5/2-622 does not apply to his claim. To the extent the requirements of §2-622 are applicable, Plaintiff argues that he has met that requirement, pointing to review of treatment written by Dr. Tracy Reed who treated Plaintiff for his foot condition (Doc. 1 at Ex. F).

In addition to Plaintiff's Response, Plaintiff also sought to file an Amended Complaint (Doc. 19). Plaintiff's proposed Amended Complaint seeks to re-add his claims against the United States Bureau of Prisons, the United States Marshal's Service, Adesanya, Ferrebee, and Harvey for deliberate indifference to his foot condition. Plaintiff has also filed a Motion to Amend his Response (Doc. 24) seeking to be allowed 180 day in which to amend his Complaint to bring it into conformity with 735 ILCS 5/2-622 in order to obtain a Certificate of Merit.

### III. Conclusions of Law

**A. Motion to Dismiss Standard**

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In assessing a complaint or count under Rule 12(b)(6), the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Indus., Ltd. v. PriceWaterhouseCooper, LLP*, 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief. *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Dismissal is warranted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). For purposes of a Rule 12(b)(6) motion, the allegations of a *pro se* complaint, which this case was originally filed as, are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006); *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

B.	Analysis

Defendant United States argues that Plaintiff's Complaint should be dismissed because he has failed to comply with 735 ILCS 5/2-622.  Plaintiff's medical malpractice claim was brought pursuant to the Federal Tort Claims Act (FTCA), **28 U.S.C. § 1346(b); §2671,** *et seq*.  Under Illinois law, which applies to claims brought under the FTCA, a plaintiff bringing a medical malpractice claim shall file an affidavit indicating that he has consulted with a medical professional who has written a report deeming his claim is meritorious or indicating that the plaintiff was unable to obtain a report prior to the expiration of the statute of limitations.  **735 ILCS 5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998)**.[1]  Plaintiff's affidavit must be accompanied by a written report from the certifying medical professional.  *Id.*

Failure to file the required affidavit is grounds for dismissal of the claim.  *See* **735 Ill.Comp.Stat. §5/2-622(g);** *Sherrod v. Lingle*, **223 F.3d 605, 613 (7th Cir. 2000).**  However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, **223 F.3d at 614.**  "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sounds exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend [his] complaint to comply with section 2-622 before [his] action is dismissed with prejudice."  *Id.*; *see also Chapman v. Chandra*, **Case No. 06-cv-0651, 2007 WL 1655799, at *4-5 (S.D. Ill. 2007).**

Here, Plaintiff argues that he does not need the required affidavit under 735 ILCS 5/2-622 because his claim is not a medical malpractice claim but rather a deliberate indifference claim brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

---

[1] P.A. 94-677, effective August 25, 2005, which amended 735 Ill.Comp. Stat §5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in Lebron v. Gottlieb Mem. Hosp., 930 N.E.2d 895 (Ill. 2010). As a result of Lebron, the previous version of the statute (effective 1998) is now in effect.  See Hahn v. Walsh, 686 F.Supp.2d 829, 832 n.1 (C.D.Ill. 2010).

**403 U.S. 388 (1971)**. Plaintiff argues that the Court was incorrect in construing Plaintiff's claim as a medical malpractice claim under the FTCA and has filed a motion to amend his complaint (Doc. 19) in order to add his *Bivens* claim for deliberate indifference back to his Complaint. However, the undersigned notes that Plaintiff's deliberate indifference claim was dismissed by the Court during its §1915A review (Doc. 4) because Plaintiff had previously raised the claim in another suit against the same individuals and that Complaint had been dismissed by the Court *with* prejudice as it was deemed frivolous. In reviewing Plaintiff's Complaint, the Court found that Plaintiff was barred from re-raising this previously dismissed claim and determined that his only other viable claim regarding these allegations was through a claim for medical malpractice under the FTCA. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's motion to amend (Doc. 19) be **DENIED** as his proposed amendment would be futile. *Bower v. Jones*, **978 F.2d 1004, 1008 (7th Cir. 1992) (Amendment is futile when it "reasserts a claim previously determined".)** Plaintiff cannot re-allege his deliberate indifference claim which has already been dismissed *with prejudice*. Thus, the only viable claim that Plaintiff is left with is a medical malpractice claim under the FTCA.

As Plaintiff's FTCA claim is his only viable claim, Plaintiff must comply with the requirements of 735 ILCS 5/2-622. Plaintiff also argues in his Response that he has complied with the requirements because he has submitted a Certificate of Review from a Dr. Tracy Reed who examined him and wrote a letter on September 22, 2012 (*See* Doc. 1 Ex. F). However, as Defendant points out, there are several issues with Dr. Reed's Certificate which prevent it from meeting the requirements of §2-622. There is no indication in Dr. Reed's Certificate that she has reviewed all of the medical records in this case; in fact the document appears to be a review of her own evaluation and treatment of Plaintiff and not a written report regarding the merits of Plaintiff's malpractice claim. Further, Dr. Reed does not state that Plaintiff has a reasonable and meritorious cause of action. In

fact, Plaintiff attached an affidavit to his proposed Amended Complaint in which he states that Dr. Reed determined in a written report that his claim was reasonable and meritorious. However, Plaintiff's affidavit points to a letter sent to Plaintiff by Dr. Reed in which Dr. Reed declined to sign an affidavit or get involved in Plaintiff's legal actions. Dr. Reed indicated that Plaintiff had a copy of Dr. Reed's Certificate of Review of his corrective surgery which was part of his medical records. There is no indication in any of the exhibits attached to the Complaint, however, that the Certificate is a written report for purposes of §2-622 nor does it appear from Dr. Reed's letter that it was intended to act as such. The Certificate does not indicate that Dr. Reed has made a determination, after reviewing Plaintiff's medical records, that Plaintiff has a reasonable and meritorious claim. Thus, the undersigned finds that Plaintiff has failed to meet the requirement of §2-622.

As Plaintiff has failed to meet the requirements of §2-622, it is within the Court's discretion to dismiss Plaintiff's Complaint. **See 735 Ill.Comp.Stat. §5/2-622(g); Sherrod, 223 F.3d at 613.** Plaintiff, however, has filed a Motion to Amend Response (Doc. 24) in which he seeks time to amend his Complaint and bring it in conformity with 735 ILCS 5/2-622 by obtaining a certificate of merit. However, the undersigned notes that Plaintiff's proposed Amended Complaint sought in part to do this by seeking to have the Court construe Dr. Reed's certificate and letter as a written report meeting the requirements of §2-622. However, as the undersigned has already determined that such an amendment would not cure the deficiencies in Plaintiff's Complaint, the undersigned **RECOMMENDS** that the Court exercise its discretion and **DISMISS without prejudice** Plaintiff's Complaint for failure to comply with §2-622.

### IV.    Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff has failed to comply with the requirements of 735 ILCS 5/2-622, **GRANT** Defendant's motion to

dismiss (Doc. 11), and **DISMISS** Plaintiff's Complaint **without prejudice**.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals**.**  *See, e.g., Snyder v. Nolen***, 380 F.3d 279, 284 (7th Cir. 2004).**   Accordingly, Objections to this Report and Recommendation must be filed on or before **July 29, 2013.**

**IT IS SO ORDERED**.
DATED: July 11, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge