IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES SNARGRASS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-1292 -MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc 25), recommending that the Motion to Dismiss Plaintiff's Medical Malpractice Claim (Doc. 11) filed by Defendant United States of America be granted. The Report and Recommendation was entered on July 11, 2013, and included a Notice that any objections were due within fourteen days of service. Plaintiff filed an objection to the Report and Recommendation on July 19, 2013 (Doc. 27).

Background

Plaintiff originally filed his Complaint on December 21, 2012 alleging claims against various Defendants under the Federal Tort Claims Act (FTCA) and civil rights

for injuries he sustained to his foot (Doc. 1). Specifically, he alleged that Defendants failed to provide him with medical care for his foot condition, thus causing him to face additional surgeries to correct his foot deformities. Upon threshold review, the Court found that Plaintiff's foot ailments were the subject of an earlier civil rights action alleging that these same defendants were deliberately indifferent to his serious medical needs. (Doc. 4 at p. 2). *See Snargrass v. United States Bureau of Prisons, et al.,* **Case No. 11-cv-662-GPM (S.D. Ill. Filed Aug. 2, 2011)**. Because this civil rights action relating to Plaintiff's foot ailments was dismissed with prejudice, the Court found that Plaintiff's only viable claim was a claim for medical malpractice under the FTCA (Doc. 4, p. 2). The Court dismissed all of the individual defendants and added the United States as a party (*Id.*). This FTCA claim was the only claim that survived threshold review.

On April 5, 2013, Defendant United States filed a motion to dismiss alleging that Plaintiff failed to state a claim under the FTCA (Doc. 11). In that motion, Defendant argues that Plaintiff's Complaint fails to comply with 735 ILCS 5/2-622, which requires plaintiffs alleging medical malpractice claims to file an affidavit that they have consulted with a medical professional who has indicated the case has merit. A written report from the medical professional must be attached to the affidavit.

In response, Plaintiff argued that his Complaint does not allege a medical malpractice claim under the FTCA. Plaintiff also sought to file an Amended Complaint (Doc. 19) to re-add claims against the United States Bureau of Prisons, the United States

Marshal's Service, Adesanya, Ferrebee, and Harvey for deliberate interference to a serious medical need.  Plaintiff also filed a Motion to Amend his Response (Doc. 24) seeking a 180 day period to amend his Complaint and bring it into conformity with 735 ILCS 5/2-622 and obtain a certificate of merit.

Magistrate Judge Williams recommends granting the motion to dismiss, denying Plaintiff's motion to amend (Doc. 19), and denying Plaintiff's motion to amend response (Doc. 24).  Magistrate Judge Williams reasoned that Plaintiff's proposed Amended Complaint seeks to bring his Complaint in conformity with 735 ILCS 5/2-622 by having the Court construe Dr. Reed's certificate and letter as a written report meeting the requirements of § 2-622.   However, Magistrate Judge Williams reasoned that this would not cure the deficiencies in Plaintiff's Complaint.   The letter from Dr. Reed that Plaintiff proposes to serve as a "written report" actually indicates that Dr. Reed declined to sign an affidavit or get involved in Plaintiff's legal actions.   Further, there is no indication from the letter that Dr. Reed made a determination that Plaintiff has a reasonable and meritorious claim.

Discussion

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  **28 U.S.C. § 636(b)(1)B), (C), FED. R. CIV. P.72(b); SDIL-LR 73(1)(b);** *Harper v. City of Chicago Heights* **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers***, 965 F.2d 298, 301 (7th Cir. 1992)**.   The Court "may

accept, reject, or modify the magistrate judge's recommended decision." *Harper*, **824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8 at p.55 (1st ed. 1973) (1992 Pocket Part) (emphasis added)**.

Plaintiff filed his objection to the Report and Recommendation on July 19, 2013. In that objection, Plaintiff first clarifies that he realizes that a medical malpractice claim is the proper claim to be alleged, and withdraws his request in Doc. 19 titled "Motion to Amend Complaint" due to lack of legal knowledge and misinformation (Doc. 27, p. 2). Thus, the Court considers the Motion to Amend Complaint at Doc. 19 to be **WITHDRAWN**. Plaintiff reiterates his request that the Court consider his "Motion to Amend Response" at Doc. 24, which asks for time to amend his Complaint and bring it in conformity with 735 ILCS 5/2-622 by obtaining a certificate of merit.

Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint. *See* **735 Ill. Comp. Stat. 5/2-622**. The certificate must affirm that a qualified, licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." **735 Ill. Comp. Stat. 5/2-622**. The plaintiff must also attach a copy of the health professional's written report, "clearly identifying . . . the reasons for the

reviewing health professional's determination that a reasonable and meritorious" case exists. **§ 5/2-622(a)(1)**. Compliance with § 5/2-622 is mandatory, and failure to file the affidavit and written report in a medical malpractice case "shall be grounds for dismissal . . . ." **§ 5/2-622(g)**. Nonetheless, the trial court has the discretion to dismiss with or without leave to amend and "a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with § 2-622 before her action is dismissed with prejudice." *Cammon v. West Suburban Hosp. Med. Ctr*, **301 Ill.App.3d 939, 235 Ill.Dec. 158, 704 N.E.2d 731, 738 (Ill.App.Ct. 1998)**.

The Court finds that Plaintiff has raised no new argument in his objection, but has referred to the same arguments that were considered carefully and in great detail by Magistrate Judge Williams in his report and recommendation. The undersigned District Judge agrees with the conclusions reached by Magistrate Judge Williams and sees no need to discuss, in any additional detail, the bases for those conclusions. The essential point is that Plaintiff has failed to meet the requirements of § 2-622 and it is within the Court's discretion to dismiss Plaintiff's Complaint. **735 Ill.Comp.Stat. § 2-622(g);** *see Sherrod v. Lingle*, **223 F.3d 605, 614 (7th Cir. 2000) ("a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with § 2-622 before her action is dismissed with prejudice") (citing** *Cammon*, **301 Ill.App.3d at 950, 704 N.E.2d at 739)**. Thus, the Court finds a dismissal without prejudice to be appropriate here.

Conclusion

The Court **ADOPTS** Magistrate Judge Williams' Report and Recommendation (Doc. 25) and **GRANTS** Defendants' Motion to Dismiss (Doc. 11).  Plaintiff's Motion to Amend Complaint filed at Doc. 19 is **WITHDRAWN**.  Plaintiff's Motion to Amend Response to Motion to Dismiss (Doc. 24) is also **DENIED**.  The case is **DISMISSED without prejudice**.  All other pending motions are **DENIED as moot**.

IT IS SO ORDERED.

DATED:   September 26, 2013

                                              s/ Michael J. Reagan_____
                                              MICHAEL J. REAGAN
                                              United States District Judge